UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MANUEL CARVALHO CALVELOS,

       Plaintiff,

  -against-            Case No. 1:19-cv-06629-CM

CITY OF NEW YORK, et al.,

       Defendants.
------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/15/2021

## STIPULATION AND ~~PROPOSED~~ PROTECTIVE ORDER

WHEREAS, the Parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

ORDERED that the following restrictions and procedures shall apply to the information and documents exchanged by the parties in connection with the pre-trial phase of this action:

  1.  Counsel for any party may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is proprietary, a trade secret or otherwise sensitive non-public information. Information and documents designated by a party as confidential will be marked as "CONFIDENTIAL"—either by physically stamping such information on hard-copy documents, electronically identifying or marking such information in electronic format (e.g., in a footer or watermark), or otherwise identifying the files, file name, or bates-stamped numbers of the produced information as confidential (e.g., titling a document "CONFIDENTIAL – [Name of File]"). The parties may confer and agree on alternative ways to mark information as confidential.

2. Confidential Information disclosed will be held and used by the person receiving such information solely for use in connection with (a) this action, and any appeals thereof; and (b) in the Article 78 proceeding titled *Manuel Carvalho Calvelos v. Cynthia Brann, et al.*, Index No. 154110/2018 (Sup. Ct. N.Y. Cnty.) and in any currently pending or future appeals thereof, including in the New York Appellate Division First Department appeal titled *Manuel Carvalho Calvelos v. Cynthia Brann, et al.*, bearing appellate case number 2021-00625.

3. If a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

4. All documents designated as "CONFIDENTIAL" shall not be disclosed to any person, except:

    a. The parties to this action;

    b. Counsel retained for this action and any employees or staff, including paralegals, legal assistants, clerical or other assistants, and other office staff;

    c. As to any document, its author, its addressee, and any other person shown on the face of the document as having received a copy;

    d. Any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto as Exhibit A;

    e. Any person retained by a party to serve as an expert witness or consultant or otherwise to provide specialized advice to counsel in connection with this action,

provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto as Exhibit A;

    f. Court reporters, stenographers, and any other video technician engaged to transcribe or record depositions or other testimony taken in this action;

    g. Independent photocopying, graphic production services, or other litigation support services employed or retained by the parties or their counsel to assist in this action, including computer service personnel performing duties in relation to a computerized litigation system;

    h. The Court and its staff, including any mediator, clerk, magistrate judge, or other person having access to any Confidential Information by virtue of his or her position with the Court; and

    i. Any other person whom the producing person, or other person designating the Discovery Material as "Confidential," agrees in writing may have access to such Confidential Discovery Material.

5. Before disclosing or displaying the Confidential Information to any person identified in Paragraph 4(d), (e), and (i), counsel must:

    a. Inform the person of the confidential nature of the information or documents;

    b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation (except as permitted by this Order), and has enjoined the disclosure of the information or documents to any other person (except as permitted by this Order); and

    c. Require each such person to sign an agreement to be bound by this Order in the form attached as Exhibit A.

3

6. The disclosure of a document or information without designating it as "Confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If so designated, the document or information shall thenceforth be treated as Confidential Information subject to all the terms of this Stipulation and Order.

7. If a party inadvertently discloses Confidential Information, the party should immediately inform the other parties and take steps necessary to remediate the inadvertent disclosure.

8. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the party who received PII experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

9. Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence

502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

10. Notwithstanding the designation of information as "Confidential" in discovery, there is no presumption that such information shall be filed with the Court under seal. The parties shall follow the Court's procedures for requests for filing under seal.

11. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed, except that the parties' counsel shall be permitted to retain their working files provided that those files remain protected.

12. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

13. Pursuant to Judge McMahon's Individual Practice Rule VI, the following addendum is deemed incorporated into the parties' stipulation and confidentiality order: The parties understand that the Court's "so ordering" of this stipulation does not make the Court a party to the stipulation or imply that the Court agrees that documents designated as "Confidential" by the parties are in fact confidential. It has been this Court's consistent experience that confidentiality stipulations are abused by parties and that much material that is not truly confidential is designated as such. The Court does not intend to be a party to such practices. The Court operates under a presumption that the entire record should be publicly available. The Court does not ordinarily file decisions under seal or redact material from them. If the Court issues a decision in this case that refers to "confidential" material under this

stipulation, the decision will not be published for ten days. The parties must, within that ten-day period, identify to the Court any portion of the decision that one or more of them believe should be redacted, provide the Court with the purportedly confidential material, and explain why that material is truly confidential. The Court will then determine whether the material is in fact genuinely deserving of confidential treatment. The Court will only redact portions of a publicly available decision if it concludes that the material discussed is in fact deserving of such treatment. The Court's decision in this regard is final. If this addendum is acceptable to the parties, the Court will sign their proposed confidentiality stipulation, subject to the addendum. If this addendum is not acceptable, the Court will not sign the stipulation, and should allegedly confidential material be produced, the parties will be referred to the magistrate judge for a document by document review and decision on whether that document should be subject to confidential treatment.

**So Stipulated and Agreed.**

Dated: March 12, 2021

**HELD & HINES, LLP**

/s/ Uri Nazryan
Uri Nazryan
2004 Ralph Avenue
Brooklyn, New York 11234
P: (718) 531-9700
unazryan@heldhines.com
*Counsel for Plaintiff*

**JAMES E. JOHNSON**
Corporation Counsel of the City of New York

By: ____/s/ M. Adil Yaqoob_
M. Adil Yaqoob (Assistant Corporation Counsel)
100 Church Street
New York, New York 10007-2601
P: (212) 356-0879
myaqoob@law.nyc.gov
*Counsel for Defendants*

So Ordered.

_____
Hon. Colleen McMahon
Chief U.S. District Judge

3-15-2021

## Exhibit A

### Agreement

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled *Calvelos v. City of New York, et al.*, 1:19-cv-06629-CM (S.D.N.Y.) have been designated as confidential. I have been informed that any such documents or information labeled "CONFIDENTIAL" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person, except as permitted by the Order. I further agree not to use any such information for any purpose other than this litigation, except as permitted by the Order.

Dated: _____

_____
Signed by:

_____
(Attorney)